SUSANA ALCALA WOOD, City Attorney (SBN 156366)
**KATHLEEN T. ROGAN, Senior Deputy City Attorney (SBN 186055)**
KRogan@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA 95814-2608
Telephone: (916) 808-5346
Facsimile: (916) 808-7455

Attorneys for the CITY OF SACRAMENTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON H. LEVY,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO,<br><br>        Defendant. | Case No.: 2:18-cv-02387-TLN-DB<br><br>**STIPULATION TO CONTINUE DISCOVERY CUT-OFF AND EXPERT DISCLOSURE DATES; ORDER** |

Pursuant to Rule 16, a party may seek to modify a scheduling order, including modification of a discovery cut-off date "for good cause and with the judge's consent." (Fed. R. Civ. P. 16(b)(4).) "good cause" exists when a scheduling deadline "cannot reasonably be met despite the diligence of the party seeking the extension." (*Schaffner v. Crown Equipment Corporation*, 2011 WL 6303408 at *2 (N.D. Cal. Dec. 16, 2011) (citing *Johnson v. Mammoth Recreation, Inc.*, 975 F 2d. 604, 609 (9th Cir. 1992). A party may establish good cause by showing

///

///

///

///
    (1) that [he or she] was diligent in assisting the court in creating a workable Rule

1

STIPULATION TO CONTINUE DISCOVERY CUT-OFF AND EXPERT DISCLOSURE DATES; ORDER

> 16 order; 2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and 3) that [he or she] was diligent in seeking amendment of the Rule 16 order once it became apparent that he or she could not comply with the order.

(*Hood v. Hartford Life & Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008.)

The deadline to complete all non-expert discovery was June 2, 2019.

The deadline to disclose experts was August 1, 2019.

The deadline to file dispositive motions is November 27, 2019.

Due to a variety of reasons including illness, leaves of absence, and other trial work, these deadlines have passed before the parties were able to complete discovery or secure experts. Consequently, the parties are not in a position to file dispositive or partially dispositive motions. The parties have spoken and agree that extending the deadlines for discovery and dispositive motions allows them to finish evaluating their case and to potentially limit the issues for trial which would shorten the impact on the court's calendar.

The City filed its answer in this case on October 14, 2018; the case has not been pending one year. There is no trial date. Therefore, the parties have stipulated and respectfully request the court's consideration of the following modifications to the Rule 16 Scheduling order:

1. Non-expert discovery to close March 1, 2020.

2. Expert disclosure to occur April 1, 2020

Supplemental disclosure 30 day later.

3. Dispositive motions filed August 28, 2020 (180 days after close of discovery)

///
///
///
///
///
///

So Stipulated.

2

DATED: September 26, 2019  SUSANA ALCALA WOOD,
City Attorney

By: /s/ Kathleen T. Rogan
**KATHLEEN T. ROGAN**
Senior Deputy City Attorney
Attorneys for the
CITY OF SACRAMENTO

DATED: September 25, 2019  LAW OFFICES OF AKUDINOBI & IKONTE

By: /s/ CHIJIOKE IKONTE
CHIJIOKE IKONTE
Attorney for the Plaintiff
BYRON LEVY

**ORDER**

The court finds sufficient good cause to continue the discovery and dispositive motion dates. The Rule 16 scheduling order is amended accordingly: Non-expert discovery shall close March 1, 2020. Expert disclosure will occur on April 1, 2020 with supplemental disclosure 30 day later. Dispositive motions or partial dispositive motions shall be filed August 28, 2020 (180 days after close of discovery).

Dated: September 30, 2019

Troy L. Nunley
United States District Judge